USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 06/03/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

WILFREDO RECIO RIVERA,

Defendant.

18-CR-616 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On March 8, 2019, Defendant Wilfredo Recio Rivera was sentenced to a term of five years for unlawfully entering the United States. Having served over 90 percent of that sentence—which is set to expire on November 9, 2022—Mr. Recio Rivera now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the motion is granted.

## BACKGROUND

Mr. Recio Rivera is a citizen of the Dominican Republic. In July of 1994, he was admitted into the United States as a conditional resident, but his immigration status was terminated on January 13, 2001 when he failed to satisfy the conditions required to modify his conditional status to permanent status. In February of 2008, Mr. Recio Rivera was convicted of a narcotics related offense and was subsequently removed from the United States on January 6, 2010. At some point following his deportation, he returned to the United States and on November 22, 2016, was arrested by the Drug Enforcement Administration for a second narcotics related offense. He was subsequently convicted of the narcotics offense in New York State Supreme Court and was sentenced to 6 years' imprisonment.

On November 30, 2018, Mr. Recio Rivera pled guilty in the instant action to one count of unlawful entry into the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). This Court sentenced

him to a term of imprisonment of 60 months, with 24 months to run consecutive to his underlying state sentence.

Mr. Recio Rivera is currently housed at FCI Danbury, and is set to be released on November 9, 2022, just over five months from now. He has no history of violence and during the past six years he has had only a single, minor, non-violent disciplinary infraction. Upon his release, he will be transferred into ICE custody and deported to the Dominican Republic.

On March 25, 2022, Mr. Recio Rivera filed a motion for compassionate release under 18 U.S.C. § 3582 along with letters from his daughters and wife. In his motion, he avers that the combination of his underlying health conditions—including asthma, hypertension, and prediabetes—places him at a significantly increased risk of severe complications from COVID-19. In January 2021, he contracted COVID-19 prior to receiving the vaccination and a booster shot, and he asserts that the "long-term effects of COVID have left him feeling weak, and he often has trouble breathing." Def. Br. at 1.

Mr. Recio Rivera further argues that several non-health related reasons help to establish extraordinary and compelling circumstances here. His wife lives in the Dominican Republic with their two young children, including their 11-year-old son who suffers from a series of congenital disorders and will require several surgeries in the upcoming months. In addition, Mr. Recio Rivera's father passed away while he was incarcerated and his mother, who lives with his wife in the Dominican Republic, is almost 80 years old, with multiple ailments.

On April 15, 2022, the Government filed a brief in opposition to his motion, accompanied by sealed exhibits consisting of his medical records.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment where (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported

by the factors set forth in 18 U.S.C. § 3553(a), to the extent such factors apply. 18 U.S.C. § 3582(c)(1)(A). A court may do so "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

## DISCUSSION

Because he appears to have exhausted his administrative remedies, the Court considers the merits of Mr. Recio Rivera's petition. The Court finds that the significant risk of continuing complications from COVID-19 due to his underlying health conditions of asthma, hypertension, and prediabetes, combined with his family circumstances, constitute extraordinary and compelling reasons for release.

The Government correctly observes that Mr. Recio Rivera is vaccinated against COVID-19 and has received a booster shot. Nonetheless, Mr. Recio Rivera has made a particularized showing of significant health concerns, including asthma, hypertension, and prediabetes. A number of courts in this Circuit have held that these conditions, in combination with the overarching risks presented by the pandemic, justify the grant of compassionate release. *See, e.g.*, *United States v. Pena*, 459 F. Supp. 3d 544, 550 (S.D.N.Y. 2020) ("The Centers for Disease Control and Prevention has identified hypertension as a comorbidity that increases the likelihood of serious risk from COVID-19."); *United States v. Smith*, 454 F. Supp. 3d 310 (S.D.N.Y. 2020) (granting compassionate release where defendant suffered from a variety of ailments, including asthma and hypertension); *United States v. Beras*, 2020 WL 7496354, at *2 (S.D.N.Y. Dec. 20, 2020).

The length of time Mr. Recio Rivera has already served also weighs in favor of a sentence reduction. "[C]ourts have found that compassionate release for defendants who have served the significant majority, at least two-thirds, of their sentences does not undermine sentencing goals." *United States v. Clark*, No. 87 Cr. 817 (DC), 2021 WL 1066628, at *3 (S.D.N.Y. Mar. 28, 2021) (granting

3

compassionate release to defendant who had served over 85 percent of his sentence); *see also United States v. Jasper*, No. 18 Cr. 390 (PAE), 2020 WL 1673140, (S.D.N.Y. Apr. 6, 2020) (same for defendant who had served 70 percent of her sentence). Mr. Recio Rivera has served more than 90 percent of his 60 month sentence.

Granting Mr. Recio Rivera compassionate release, moreover, is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Mr. Recio Rivera has no history of violence and has only had one minor disciplinary infraction while in custody. His release would thus be consistent with policy statement U.S.S.G. § 1B1.13(2), which recommends a reduction in sentence only upon a showing that "the defendant is not a danger to the safety of any other person or to the community."

Consideration of the § 3553(a) factors further counsels in favor of compassionate release. When deciding a motion for a sentence reduction, "[a]pplication of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release and whether compassionate release would undermine the goals of the original sentence." *United States v. Daugerdas*, No. 09-CR-581, 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations and internal quotation marks omitted). Among the pertinent factors to balance are the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to afford adequate deterrence to criminal conduct," "to reflect the seriousness of the offense," "to provide just punishment for the offense," "to protect the public from further crimes of the defendant," "to provide the defendant with needed educational or vocational training, [or] medical care," as well as "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). While the Court recognized the importance of deterrence in sentencing Mr. Recio Rivera to 60 months' imprisonment, a sentence of nearly 55 months similarly serves those sentencing factors sent forth in § 3553(a), particularly in light of his non-

violent history. Such a slight reduction in his sentence in no way undermines the goals of sentencing or respect for the law in this case. *See, e.g.*, *Jasper*, 2020 WL 1673140 at *2. In sum, not only has Mr. Recio Rivera established extraordinary and compelling circumstances, but a reduction in his sentence is consistent with the applicable policy statements issued by the Sentencing Commission and supported by the factors set forth in § 3553(a).

## CONCLUSION

For the foregoing reasons, the Court grants Mr. Recio Rivera's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). His previously imposed sentence is reduced to time served and he shall be transferred into ICE custody for deportation to the Dominican Republic. The Clerk of Court is respectfully directed to terminate the motion pending at docket 33.

SO ORDERED.

Dated:   June 3, 2022
         New York, New York

                                            _____
                                            RONNIE ABRAMS
                                            United States District Judge